IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRAQ LONDON MONACO, | § | |
| a/k/a Juan Andres Ortiz, | § | |
| a/ka Juan Andres Ortiz Juarez, | § | |
| TDCJ #871392, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2095 |
| | § | |
| ETHAN A. WESTFALL, *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, "Iraq London Monaco," a/k/a Juan Andres Ortiz (TDCJ #871392), a/k/a Juan Andres Ortiz Juarez, is an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division.[1] He has filed a civil rights complaint under 42 U.S.C. § 1983. The plaintiff is *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.  BACKGROUND

Styling himself as Iraq London Monaco, the plaintiff sues two prison officials who are reportedly employed by TDCJ at the Coffield Unit, as well as an unnamed director at the

---

[1] Court personnel have verified that the TDCJ inmate identification number supplied by the plaintiff is for Juan Andres Ortiz, who has also used the name Juan Andres Ortiz Juarez in other civil rights cases. *See Juan Andres Ortiz Juarez v. Westfall, et al.*, Civil Action No. H-06-144 (E.D. Tex.); *Juan Andres Ortiz Juarez v. Westfall, et al.*, Civil Action No. H-06-0158 (E.D. Tex.); *Juan Andres Ortiz Juarez v. Board of Directors, et al.*, Civil Action No. H-06-0607 (N.D. Tex.).

Skyview Unit. Also named as defendants are fashion designer Giorgio Armani, several celebrities, including Paris Hilton, along with other assorted individuals and sovereign entities.

The plaintiff has filed this case using the form approved for use by prisoners in civil rights cases filed under 42 U.S.C. § 1983. He also includes a handwritten memorandum and a drawing to supplement the statement of his claim. The plaintiff's motion for leave to proceed *in forma pauperis* also utilizes the form approved for use by prisoners in civil rights cases and is likewise accompanied by an artistic rendering. The statements offered in support of the plaintiff's claim are incoherent and incomprehensible, consisting of words strung together randomly with the names of various individuals and countries interspersed throughout. For example, where prompted by the form, the plaintiff replies that he seeks the following relief from the Court in this case: "Japan Japan motorcycle video television news . . . [sic]." After reviewing all of the pleadings, the Court concludes that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see*

*also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

### III.   DISCUSSION

The allegations referenced in the complaint are factually frivolous because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)). The Court concludes that the incoherent, rambling allegations contained in the complaint are irrational and wholly incredible. *See Denton*, *supra*, 504 U.S. at 32-33; *Gartrell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993). Because the claims are clearly baseless, the complaint is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Alternatively, a review of the complaint in this case shows that the plaintiff's bizarre allegations are nearly identical to those raised in at least one other action filed by him previously. *See Juan Andres Ortiz Juarez v. Board of Directors, et al.*, Civil Action No. 3:06-cv-0607 (N.D. Tex., Lubbock Div.) (Amended Complaint, Doc. #5). A complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another pending federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because the plaintiff has made the same or similar claims in another pending lawsuit, the Court concludes that his complaint is also subject to dismissal as

3

malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte* under the PLRA).

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's request for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Juan Andres Ortiz (TDCJ #871392) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), as frivolous and malicious.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **June 22, 2006.**

_____
Nancy F. Atlas
United States District Judge